IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DANIEL ADAM SUMMERS, #259031, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:12-CV-686-TMH |
| ) | [WO] |
| ) | |
| ) | |
| WILLIE THOMAS, et al., ) | |
| ) | |
|     Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Daniel Adam Summers ["Summers"], a state inmate, on August 7, 2012.[1] In this petition, Summers challenges 2008 convictions for attempted murder (2 counts) and criminal mischief imposed upon him by the Circuit Court of Russell County, Alabama. In the initial petition, Summers presented only claims of ineffective assistance of trial counsel. Summers subsequently filed a response and amendment to the petition in which he raised a claim of mental incompetency at the time he committed the offenses at issue. *Doc. No. 12* at 5; *Doc. No. 25* at 5.

In responses to answers filed by the respondents, Summers asserts that he raised his

---

[1] The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). The petition indicates Summers submitted the petition for mailing on August 7, 2012. *Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 15. In light of the foregoing and for purposes of the proceedings herein, the court considers August 7, 2012 as the date of filing.

substantive claim of mental incompetency with the trial and appellate courts in his Rule 32 proceedings. In various supplemental answers filed by the respondents, including the supplemental answer filed on January 6, 2014 (Doc. No. 39), the respondents assert that petitioner's claim of substantive mental competency provides no basis for relief from this court as the petitioner failed to present the claim to the state courts on appeal of his Rule 32 petition. Specifically, the respondents assert that the substantive competency claim is procedurally defaulted because it was not presented as a separate substantive claim "but instead was argued as part of an ineffective assistance of counsel claim ... [in] arguments made in Summers' Application for Rehearing and Petition for Writ of Certiorari" on appeal from the denial of his Rule 32 petition. *December 12, 2012 Supplemental Answer - Doc. No. 20* at 2. As previously explained by this court, the respondents' procedural default "argument ... is contrary to applicable state and federal law. *Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir.), *cert. denied* 517 U.S. 1247, 116 S.Ct. 2505 (1996) (Although petitioner did not raise, on direct appeal or in his initial Rule 32 petition, 'his substantive competency claim that he [committed the offenses] while incompetent ... [such claim] is not subject to procedural default [or time limitations] and must be considered on the merits.'); *Glass v. State*, 912 So.2d 285, 288 (Ala.Cr.App. 2004) ('To the extent [petitioner] raises a substantive due process claim - that he was ... mentally incompetent ... [at the time of the offenses] - the petition is not subject to procedural bars.')." *Order of October 24, 2012 - Doc. No. 15* at 1-2. In addition, it appears that in ruling on Summers' post-conviction petition the trial court determined that Summers failed to present any evidence which established his mental

incompetency at the time of the offenses. *Respondents' Exhibit - Doc. No. 8-5* at 34-35. Thus, to the extent that Summers seeks to proceed on the substantive competency claim argued before the state court(s), the claim is not procedurally defaulted.

On June 5, 2013, Summers submitted medical records in support of his substantive mental competency claim (Doc. No. 34), records the parties concede were not presented to the state courts for review in determination of the ineffective assistance/substantive mental competency claim. Because a substantive claim of mental incompetency at the time of the offenses is ***NOT*** subject to the procedural bars contained in Rule 32, and since the evidence now presented to this court by the petitioner to support this claim has never been presented to the state courts for their review, Summers may proceed before the state courts in a Rule 32 action on his claim that he was mentally incompetent at the time he committed the challenged offenses, as supported by the medical records now before this court.[2] In light of the foregoing, the court entered an order affording the parties an opportunity to demonstrate why this petition should not be dismissed for Summers' failure to exhaust state remedies with respect to the claim challenging his mental competency at the time of the offenses. *Order of January 8, 2014 - Doc. No. 40*.

In their supplemental answer addressing this order, the respondents maintain that "the state courts should be given the first opportunity to rule on this issue ... [and] [this habeas] petition should therefore be dismissed without prejudice so that Summers can present the

---

[2] Although the respondents argue that the medical records submitted by the petitioner fail to establish his mental incompetency at the time of the offenses challenged in the present habeas petition, this argument is one which should first be addressed by the state courts.

claim to the Russell County Circuit Court in a ... Rule 32 [petition]...." *January 23, 2014 Supplemental Answer - Doc. No. 41* at 2. In his response to this order, Summers does not dispute the availability of an available state court remedy regarding his claim of mental incompetence at the time of offenses and concedes "he has presented Newly discovered Evidence" to this court in support of this claim. *Petitioner's Show Cause Response - Doc. No. 42* at 4. Summers, however, requests that this court ignore his failure to exhaust state remedies and address the merits of his claims. In addition, Summers raises a claim of mental incompetency to stand trial, *id.*, a claim never presented in any form either to this court or the state courts, and a claim which may also be raised in a Rule 32 petition. It is therefore clear that Summers now seeks relief from this court on two distinct claims of substantive mental incompetence – i.e., claims that "Summers was in fact incompetent at the time of the crime[s] and to stand trial." *Id*.

## II.  DISCUSSION

The law is well settled that a petition for writ of habeas corpus filed in this court by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The record establishes that Summers has not yet exhausted his available state court remedies with respect to each of the claims presented in the instant petition for habeas

corpus relief. Specifically, Summers may present his substantive claims of mental incompetency to the Circuit Court of Russell County, Alabama in a Rule 32 petition.[3] This court does not deem it appropriate to rule on the merits of Summers' claims without first requiring that he exhaust available state remedies with respect to the claims of substantive mental incompetence. 28 U.S.C. § 2254(1)(b)(2).[4] Under the circumstances as set forth herein, a stay of this case is not warranted pending the outcome of the state court proceedings as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust his claim[] first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Summers can pursue those state court remedies available to him.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be denied.

2. The petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies.

---

[3] The petitioner is advised that if he receives an adverse ruling on his substantive competency claims in the trial court he may appeal this decision to the Alabama Court of Criminal Appeals and, if necessary, the Alabama Supreme Court.

[4] Based on its determination that Summers must exhaust state remedies before proceeding before this court, the court finds that the federal period of limitation should be equitably tolled during the pendency of this action with respect to the claims of ineffective assistance of trial counsel which are exhausted and properly before this court for review at this time. Thus, in any subsequent federal habeas action filed by Summers, the time during which this petition remained pending shall be excluded from calculating expiration of the one-year period of limitation.

It is further

ORDERED that on or before February 10, 2014, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 27th day of January, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE